UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY GREEN,
        Plaintiff,

                                            No. 1:09-cv-1061

-v-
                                            HONORABLE PAUL L. MALONEY

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,
        Defendant.

ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT AND AFFIRMING THE
DENIAL OF LONG-TERM DISABILITY BENEFITS

**I. Background**

Beverly Green brought suit to challenge the termination of her long term-disability benefits by Hartford Life and Accident Insurance Company. Green was notified of the termination of her benefits on July 18, 2008. Following the terms of the policy, she appealed the matter to Hartford. After conducting a *de novo* review of her file, Hartford affirmed its decision to terminate Green's benefits. Having exhausted the administrative remedies available to her, Green then filed suit under 29 U.S.C. § 1132(a)(1)(B), § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA").

**II. Standard of Review**

When considering an ERISA case, a *de novo* standard of review applies to decisions by plan administrators unless a benefit plan gives the administrator discretionary authority to determine eligibility for benefits, or to construe terms of the plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110-11, 115 (1989); *Hunter v. Caliber Sys., Inc.* 220 F.3d 702, 710 (6th Cir. 2000). Where administrators have discretionary authority to determine benefits or to construe terms, an arbitrary and capricious standard of review applies. *Firestone Tire*, 489 U.S. at 110-11, 115;

*Hunter*, 220 F.3d at 710.

In accordance with the policy plan, Hartland had discretionary authority to construe and interpret the benefit plan in rendering a determination about Green's benefits; accordingly, both parties agree the applicable standard of review is arbitrary and capricious. There has been no suggestion of a conflict of interest which might warrant closer examination. *See Jones v. Metro. Life Ins. Co.*, 385 F.3d 654, 659-60 (6th Cir. 2000).

The arbitrary and capricious standard is highly deferential; it is "the least demanding form of judicial review of administrative action." *Hunter*, 220 F.3d at 710. However, the arbitrary and capricious standard is not a "rubber stamp [of] the administrator's decision." *Kovach v. Zurich Am. Ins. Co.*, 587 F.3d 323, 328 (6th Cir. 2009) (*quoting Glenn v. MetLife*, 461 F.3d 660, 661 (6th Cir. 2006)). Instead, it requires review of "the quality and quantity of the . . . evidence and the opinions on both sides of the issues." *Id.* (*quoting McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 172 (6th Cir.2003)).

Administrator action will be upheld where it can be shown to be "a result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Baker v. United Mine Workers of Am. Health & Ret. Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991). The benefit determination need only be "rational in light of the plan's provisions." *Univ. Hosp. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 846 (6th Cir. 1996). "When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Id. (quoting Davis v. Kentucky Fin. Cos. Ret. Plan*, 887 F.2d 689, 693 (6th Cir.1989)); *Perry v. United Food & Commercial Workers Dist. Union 405 & 442*, 64 F.3d 238, 242 (6th Cir. 1995). The review of an administrator's denial of benefits under ERISA is limited to the materials

contained in the administrative record. *Jones*, 385 F.3d at 660.

### III. Analysis

Green (Plaintiff), as an employee of Shape Corporation, was covered by a group benefit insurance policy issued by the Hartford Life and Accident Insurance Company (Defendant). (AR 001-039.) The policy includes long-term disability provisions for employees who are disabled. According to the policy, "disability" or "disabled" means:

1. during the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation;
2. for the 24 months following the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are less than 80% of you Indexed Pre-disability Earnings;
3. after that, you are prevented from performing one or more of the Essential Duties of Any Occupation. (AR 029.)

For purposes of the policy, "Your Occupation," commonly known as the "own-occupation" standard, means "your occupation as it is recognized in the general workplace." (AR 032.) It does not refer to "the specific job you are performing for a specific employer or at a specific location." (*Id.*) "Any occupation" refers to "an occupation for which you are qualified by education, training or experience, and that has an earnings potential greater than an amount equal to the lesser of the product of your Indexed Pre-disability Earnings and the Benefit Percentage and the Maximum Monthly Benefit shown in the Schedule of Insurance." (AR 029.)

Plaintiff sustained her initial injury to her foot on March 12, 2005. (AR 71.) She applied for long-term disability benefits in October 2006. (AR 282-288.) Approval for benefits under the "your occupation" standard was granted on December 1, 2006. (AR 104-106.) The letter granting approval of the benefits informed the Plaintiff that, as of August 24, 2008, she would need to meet

the "any occupation" standard to be eligible for further benefits. (AR 105.)

In March 2007, the Plaintiff's then treating physician, Dr. DeYoung, a podiatrist, submitted an Attending Physician's Statement of Functionality (APS). (AR 213-214.) Dr. DeYoung found Plaintiff could sit for 8 hours at a time, but could not stand, walk, or carry items. (AR 214.) Dr. DeYoung indicated Plaintiff's condition was permanent. (*Id.*) Under the categories for reaching, fingering and handling, Dr. DeYoung indicated the activity was "not applicable." (*Id.*) In March 2008, Dr. DeYoung submitted another APS, this time indicating Plaintiff could not reach, finger or handle. (AR 186.) On the second APS, Dr. DeYoung also indicated he had not seen Plaintiff since January 2007. (AR 185.)

Defendant began an investigation in March 2008 to determine whether Plaintiff would qualify for benefits under the "any occupation" standard after August 2008. (AR 84-85.) Plaintiff submitted an Attending Physician's Statement of Continued Disability from Dr. Rabideau, dated April 17, 2008. (AR 161-162.) The statement indicated Plaintiff could sit for 8 hours in a general workplace environment, could reach at all levels, and could perform activities involving fingering and handling. (AR 162.) The statement includes no mention of back pain, but does state that Plaintiff suffers from generalized anxiety disorder.[1] (*Id.*) Dr. Rabideau checked the box indicating that Plaintiff could participate in vocational rehabilitation services. (*Id.*) As part of the investigation, Defendant had a Vocational Rehabilitation Counselor perform an employability analysis to determine occupations suitable for Plaintiff's qualifications and physical capabilities. (AR 138-157.) The report, generated July 9, 2008, indicates eleven potential occupations with

---

[1]In February 2008, Plaintiff subjectively complained to Dr. Rabideau that she was experiencing back pain. (AR 167.) Dr. Rabideau found tenderness over the right sacroiliac joint and a portion of the spine. (*Id.*) Plaintiff was given a cortisol injection. (*Id.*)

4

salaries over 50% of Plaintiff's pre-disability indexed earnings. (AR 138.)

After conducting an investigation, Defendant determined Plaintiff did not meet the "any occupation" standard. (AR 78-82.) A decision letter, dated July 18, 2008, informed Plaintiff she did not meet the "any occupation" standard and therefore would not qualify for benefits beyond August 28, 2008. (*Id.*) Plaintiff appealed the denial of her benefits to Defendant, as required by the policy. (AR 123.) After conducting a *de novo* review, Defendant upheld its determination that Plaintiff did not qualify for benefits under the "any occupation" standard. (AR 73-75.) Following Defendant's denial of her appeal, Plaintiff filed this claim.

Defendant's decision was neither arbitrary nor capricious, but a reasoned application of the policy standards. Plaintiff bears the burden of demonstrating she was disabled within the meaning of the policy. *Rose v. Hartford Fin. Servs. Group Inc.*, 268 Fed. App'x. 444, 452 (6th Cir. 2008); *Tracy v. Pharmacia & Upjohn Absence Payment Plan*, 195 Fed. App'x. 511, 516 n.4 (6th Cir. 2006). Plaintiff did not qualify under the "any occupation" standard. In making the determination, Defendant considered the reports of Plaintiff's current treating physician, which indicated that, while she could not walk or stand, she could sit for 8 hours in an office and she could reach, finger and handle. Accordingly, Defendant's decision was neither arbitrary nor capricious. *See Rose*, 268 Fed. App'x at 450. Defendant also conducted an employability analysis to determine if Plaintiff could perform any occupations. Taking into account her physical limitations, the analysis revealed eleven occupations for which Plaintiff was qualified and able to perform physically. All the identified occupations had salaries within the policy specified earnings potential. Defendant had ample reason to determine that Plaintiff did not qualify as disabled under the "any occupation" standard. Defendant presents a reasoned explanation for its determination based upon reports from Plaintiff's

5

own doctor and an occupational analysis. Accordingly, Defendant's decision was neither arbitrary nor capricious.

## IV. Conclusion

For the reasons provided above, the decision of the plan administrator to deny Plaintiff's long-term disability benefits under the "any occupation" standard was neither arbitrary nor caprcious.

## **ORDER**

In light of this conclusion, **IT IS HEREBY ORDERED:**

1. The decision of the plan administrator is **AFFIRMED;**

2. Plaintiff's "motion and brief in favor of summary judgment" (Dkt. No. 14) is **DENIED**;

3. Defendant's "motion for entry of judgment" (Dkt. No. 16) is **GRANTED.**

4. The complaint is **DISMISSED.**


Date: July 1, 2010  /s/ Paul L. Maloney
 Paul L. Maloney
 Chief United States District Judge